**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| RES-GA CREEKSIDE MANOR, LLC, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 2:10-CV-207-RWS |
| STAR HOME BUILDERS, INC., *et al.*, | : |
| Defendants. | : |

# ORDER

This case is before the Court for consideration of Plaintiff's Motion for Summary Judgment [15]. Defendants have not filed a response to the Motion, and it is, therefore, deemed unopposed. After reviewing the record, the Court enters the following Order.

## Factual Background[1]

Defendant Star Home Builders, Inc. ("Star Home") executed and delivered to Integrity Bank, the predecessor-in-interest to Plaintiff a promissory note (the "Note") dated May 18, 2007 in the principal amount of $1,961,100.

---

[1] The Factual Background is taken from Plaintiff's Statement of Undisputed Material Facts [15-4] which is deemed to be admitted due to Defendants' failure to file a response thereto.

Defendant Starke Hudson ("Hudson") also executed and delivered a personal Guaranty Agreement dated May 18, 2007 to Integrity Bank whereby Hudson unconditionally guaranteed the full and prompt payment of the Note. The Guaranty Agreement provided that it would "inure to the benefit of the Bank, its successors and assigns." (Wimmer Decl., Ex. B.)

On or about February 9, 2010, the Federal Deposit Insurance Corporation ("FDIC"), acting as receiver for Integrity Bank, transferred and assigned the Note and Guaranty Agreement to Multibank 2009-1 RES-ADC Venture, LLC ("Multibank") pursuant to a certain Omnibus Assignment and Allonge. Multibank subsequently assigned and transferred the Note and Guaranty Agreement to Plaintiff pursuant to a certain Omnibus Assignment and Allonge dated August 27, 2010. Plaintiff is the current holder of the originally executed Note and Guaranty Agreement.

Defendants failed to pay the outstanding principal balance of the Note at or before its maturity date. On August 16, 2010, after the Note had matured, Plaintiff sent a default letter to Defendants demanding payment of the amounts due under the Note and Guaranty Agreement. Defendants failed to pay Plaintiff the past due amounts and have not paid Plaintiff the past due amounts as of the bringing of this action. The total past due amount under the Note as of the date

of this Order is $863,222.63 in principal, plus $92,575.53 in non-default interest, $115,775.34 in default interest through the date of this Order, and $314.71 in contractual fees.  Additionally, the Note and Guaranty Agreement require Defendants to pay attorney's fees and court costs incurred in collecting amounts due under those documents.  The Note and Guaranty Agreement authorize collection of attorney's fees in an amount equal to fifteen percent (15%) of the principal, interest, and cost of collection.  Thus, Plaintiff is entitled to recover $159,555. as attorney's fees plus the costs of this action.

## Discussion

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004)

AO 72A
(Rev.8/82)

(quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.

AO 72A
(Rev.8/82)

Ct. 1348, 89 L. Ed. 2d 538 (1986)).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  <u>Anderson</u>, 477 U.S. at 249-50 (internal citations omitted); <u>see</u> <u>also</u> <u>Matsushita</u>, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

The evidence is undisputed that Star Home is in default on the Note.  Further, Hudson is liable under the Guaranty Agreement.  Neither Defendant has presented any defense to the claims of Plaintiff.  Therefore, the Court finds that Plaintiff is entitled to summary judgment against Defendants.

## **Conclusion**

Based on the foregoing, Plaintiff's Motion for Summary Judgment [15] is hereby **GRANTED**.  The Clerk shall enter judgment in favor of Plaintiff and against Defendants for $1,231,396.77 as principal and interest; $159,555 as attorney's fees; and costs of this action.

**SO ORDERED**, this   25th   day of March, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

5