**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| RES-GA CREEKSIDE MANOR, LLC, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :    CIVIL ACTION NO. <br> :    2:10-CV-207-RWS <br> : |
| STAR HOME BUILDERS, INC. and STARKE HUDSON, | : <br> : <br> : |
| Defendants. | |

## **ORDER**

This case comes before the Court on Defendants Star Home Builders, Inc. and Starke Hudson's Motion to Set Aside Summary Judgment and Motion to Dismiss for Lack of Subject Matter Jurisdiction [19] ("Defendants' Motion"). After reviewing the record, the Court enters the following order.

## **Background**

On October 7, 2010, Plaintiff RES-GA Creekside Manor, LLC ("RES-GA") filed this action against Defendants seeking to recover money owed under a promissory note and personal guaranty agreement. Compl., Dkt. [1] ¶¶ 17, 19, 21-23. Plaintiff predicated federal subject matter jurisdiction on diversity of citizenship, alleging that Plaintiff is a Florida limited liability company with

AO 72A
(Rev.8/82)

its principal place of business in Miami, Florida, that both Defendants are citizens of Georgia, and that the amount in controversy exceeds $75,000.00. Id. ¶¶ 1-5.  Plaintiff moved for summary judgment [15] on February 22, 2011. Defendants did not respond to this motion.  By Order dated March 25, 2011 [17], the Court granted summary judgment in favor of Plaintiff.

Defendants now move the Court to set aside the summary judgment and dismiss the case for lack of subject matter jurisdiction.  Defendants contend the Court lacks subject matter jurisdiction because there is not complete diversity among the parties.  Specifically, Defendants advance the following argument: first, that the citizenship of Plaintiff, a limited liability company ("LLC"), is that of each of its members; second, that one of Plaintiff's members is the Federal Deposit Insurance Corporation (the "FDIC"), a federally chartered corporation; and third, that because federally chartered corporations are not citizens of any state, the membership of the FDIC in the Plaintiff LLC destroys its claim to complete diversity of citizenship.  Defs.' Motion, Dkt. [19] at 3. The Court considers these contentions below.

AO 72A
(Rev.8/82)

## Discussion

Under Federal Rule of Civil Procedure 60(b)(4), the Court may relieve a party from a final judgment if the judgment is "void." "A judgment is 'void' under Rule 60(b)(4) if it was rendered without jurisdiction of the subject matter . . . ." Oaks v. Horizon Fin., S.A., 259 F.3d 1315, 1319 (11th Cir. 2001). A challenge to the Court's subject matter jurisdiction may be raised at any time. Id. at 1317. Accordingly, if the Court is without subject matter jurisdiction over this action, it must set aside the previously entered summary judgment and dismiss the case. See also, Latin Am. Prop. & Cas. Ins. Co. v. Hi-Lift Marina, Inc., 887 F.2d 1477, 1479 (11th Cir. 1989) ("[W]e are duty-bound to determine for ourselves the basis for jurisdiction in the district court, and to dismiss for lack of jurisdiction any case in which it is found to be wanting. . . . This rule, springing from the nature and limits of the judicial power of the United States is inflexible and without exception . . . .") (internal quotation marks and citations omitted).[1]

---

[1] In opposition to Defendants' Motion, Plaintiff makes much of the distinction between "mere errors in the exercise of jurisdiction" and a "total want of jurisdiction." Pl.'s Opp'n, Dkt. [22] at 5-6. Plaintiff cites Oaks for the proposition "that a mere error in the exercise of jurisdiction does not support relief under Rule 60(b)(4)," which affords relief only where a judgment is rendered despite a "total want of jurisdiction."

3

In this case, Plaintiff predicated federal subject matter jurisdiction on diversity of citizenship, alleging Plaintiff to be a citizen of Florida and the two Defendants citizens of Georgia. "Federal diversity jurisdiction under 28 U.S.C. § 1332 requires 'complete diversity'–the citizenship of every plaintiff must be diverse from the citizenship of every defendant." Legg v. Wyeth, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005). On the facts as alleged in the Complaint, it certainly appears that the requirement of complete diversity was satisfied in this case. However, as Defendants argue, the citizenship of an LLC, such as Plaintiff, must be determined with reference to each member of the LLC. "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC, 374 F.3d 1020, 1022 (11th Cir. 2004). Accordingly, to determine Plaintiff's citizenship in this case, and thus whether there is complete diversity

---

Id. (citing 259 F.3d at 1319). In other words, "an error in law is insufficient to render a judgment void under Rule 60(b)(4)." Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec. Workers, 460 F.2d 105, 108 (5th Cir. 1972). (In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit decided before October 1, 1981.) This rule, however, is of no help to Plaintiff. The substance of Defendants' subject matter jurisdiction challenge is not that the Court made an error of law in the exercise of its jurisdiction, but rather that the Court lacked subject matter jurisdiction entirely–rendering the summary judgment void. Defendants' claim thus falls squarely within the ambit of Rule 60(b)(4).

4

among the parties, the Court must consider the citizenship of each member of the Plaintiff LLC.

The parties agree that Plaintiff's ownership structure is as follows:

Plaintiff RES-GA Creekside Manor, LLC is a Florida limited liability company, whose sole member is (A) Multibank 2009-1 RES-ADC Venture, LLC.

> (A) Multibank 2009-1 RES-ADC Venture, LLC is a Delaware limited liability company, comprise [sic] of two members (1) RL RES 2009-1 Investments, LLC and (2) the FDIC.
>
>> (1) RL RES 2009-1 Investments, LLC is a Delaware limited liability company comprised of only two members: (a) Rialto RL RES 2009-1, LLC and (b) Lennar Distressed Investments, LLC.
>>
>>> (a) Rialto RL RES 2009-1, LLC is a Delaware limited liability company whose sole member is (i) Rialto Capital Holdings, LLC a Delaware limited liability company.
>>>
>>>> (i) Rialto Capital Holdings, LLC is a Delaware limited liability company whose sole member is (A) Rialto Capital Management, LLC.
>>>>
>>>>> (A) Rialto Capital Management, LLC is a Delaware limited

5

                                                liability company whose sole member is Jeffrey Krasnoff, a Florida citizen.

        (b)    Lennar Distressed Investments, LLC is a Delaware limited liability company whose sole member is (i) Lennar Corporation.

                (i)    Lennar Corporation is a Delaware corporation with its principal place of business in Florida.

    (2)    The FDIC is a federally chartered corporation.

Defs.' Mot., Dkt. [19] at 4-5. This ownership structure shows that Plaintiff is wholly owned by Multibank 2009-1 RES-ADC Venture, LLC ("Multibank LLC"), which in turn has only two members–RL RES 2009-1 Investments, LLC ("RL RES LLC") and the FDIC. The structure also reveals that each member of RL RES LLC is a citizen of either Delaware or Florida. Thus on these facts, and putting aside the FDIC, Plaintiff would appear to be a citizen of Delaware and Florida; as Defendants are both citizens of Georgia, there would appear to be complete diversity among the parties. The presence of the FDIC in this ownership structure, however, changes the analysis.

6

AO 72A
(Rev.8/82)

Defendants correctly argue that the membership of the FDIC in the Plaintiff LLC destroys complete diversity and deprives this Court of diversity jurisdiction. As already stated, the FDIC is a federally chartered corporation that, by extension, was not incorporated under the laws of any state. It is well settled that, in general, federally chartered corporations are not citizens of any state for purposes of diversity of citizenship; the presence of a federally chartered corporation as a party to a suit thus destroys complete diversity.[2] Bankers Trust Co. v. Texas & Pacific Ry. Co., 241 U.S. 295, 309-10 (1916). The FDIC is not a party in this case but, rather, a member of Plaintiff's member, Multibank LLC. Nonetheless, Plaintiff is a citizen of each state of which its members are citizens, and thus shares the citizenship of the FDIC.[3] Because the

---

[2] There are two exceptions to this rule, neither of which is applicable in this case. First, a federally chartered corporation may have state citizenship if a specific statutory provision so provides. Bankers Trust, 241 U.S. at 310. Second, a federally chartered corporation may be treated as a citizen of a particular state for purposes of diversity jurisdiction if the corporation's activities are largely confined to that state. Id.; see also Loyola Fed. Savings Bank v. Fickling, 58 F.3d 603, 606 (11th Cir. 1995) (noting exception to general rule that federally chartered corporations lack state citizenship, under which "a corporation [may] be considered a citizen of one state for diversity purposes if the corporation's activities are 'localized' in that state . . . .").

[3] Plaintiff's citizenship is that of its only member, Multibank LLC, which, in turn, is a citizen of every state of which its members are citizens, including the FDIC. Accordingly, through Multibank LLC, Plaintiff shares the citizenship of the FDIC.

FDIC is a citizen of no state, Plaintiff is also a citizen of no state, thus destroying Plaintiff's claim to complete diversity among the parties.[4]

---

[4] Contrary to this conclusion, Plaintiff argues that diversity jurisdiction may exist where a federally chartered entity, such as the FDIC, is a party to the suit. Pl.'s Opp'n, Dkt. [22] at 12-13. Plaintiff cites Fromkin v. Indymac Bank FSB, No. 10-CV-8014, 2010 U.S. Dist. LEXIS 46040 (D. Ariz. Mar. 31, 2010) and argues that in that case, "the involvement of two federally chartered defendants, including the FDIC, neither of which are [sic] incorporated in any particular state, did not destroy diversity jurisdiction . . . ." The court's analysis in Fromkin, however, was limited to the following:

> "Plaintiff . . . is a resident of the state of Arizona. Removing Defendant IMB is a Delaware limited liability company with its principal place of business in Delaware. Defendant OneWest, FSB is a federally chartered savings bank that is neither domiciled, nor maintains its principal place of business, in Arizona. Defendant IndyMac Bank, FSB was a federal savings bank which was closed by the Office of Thrift Supervision, and on July 11, 2008, the FDIC was named as its conservator. Defendant MERS is a Delaware corporation with its principal place of business in Virginia. Defendant Quality Loan Services, Inc. is a California corporation with its principal place of business in California. Thus, complete diversity of citizenship between Plaintiff and each of the Defendants exist."

Id. at *4-5. The Court finds this decision to be of no persuasive value given the court's lack of analysis regarding the citizenship of the FDIC, or how the FDIC's presence as conservator affected the diversity jurisdiction analysis. The Court also notes that both federally chartered entities in Fromkin were federally chartered banks, which, by statute, are attributed a state citizenship for purposes of diversity jurisdiction. See 28 U.S.C. § 1348 (providing that for purposes of diversity jurisdiction, national banks "shall . . . be deemed citizens of the States in which they are respectively located"); Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006) (defining the meaning of "located" in § 1348 and holding, "[A] national bank[], *i.e.,* corporate entit[y] chartered not by any State but by the Comptroller of the Currency of the U.S. Treasury[,] . . . is a citizen of the State in which its main office, as set forth in

8

It appears to the Court that each federal district court to have considered this issue explicitly has reached the same result and concluded that the membership of the FDIC in an LLC (or member of the LLC) renders the LLC "stateless," thus destroying diversity of citizenship. Notably, in each of these other cases, and as in this case, the plaintiff was either Multibank LLC or an LLC wholly owned by Multibank LLC; the court in each case thus considered the same ownership structure as that under consideration in this case. In <u>RES-NC Settlers Edge, LLC v. Settlers Edge Holding Company</u>, the court granted the defendant's motion to dismiss for lack of subject matter jurisdiction on grounds that there was not complete diversity among the parties, given the membership of the FDIC in Multibank LLC, the sole owner of the plaintiff LLC. No. 1:10-CV-173, 2011 WL 3897729, at *5 (W.D.N.C. Sept. 6, 2011). The court in <u>Settlers Edge</u> reasoned as follows:

> In the present case, there is complete diversity of citizenship among the parties' owners, other than FDIC. The problem here is that the FDIC is not incorporated under the laws of any state because it is a federally chartered corporation. . . . Unless a

---

the articles of association, is located."). In any event, the Court agrees with the decisions of other district courts, discussed below, that have explicitly addressed the issue and held that the membership of the FDIC in an LLC renders the LLC and its members ineligible to invoke diversity jurisdiction.

9

> specific statutory provision dictates otherwise, a federally charted corporation is not a citizen of any state, meaning it is not eligible for diversity jurisdiction. . . . The citizenship of a limited liability company . . . is the citizenship of each of its members.  If one member of a limited liability company is "stateless," the limited liability company itself is stateless and jurisdiction cannot be premised on [diversity of citizenship]. . . . *Here, the ownership interest of FDIC renders the Plaintiff LLC a "stateless" party.  As such, there is no diversity of citizenship among the parties to this action and no jurisdiction lies pursuant to 28 U.S.C. § 1332.*

Id. at *4-5 (emphasis added).

Similarly, the court in Multibank 2009-1 RES-ADC Venture, LLC v. CRM Ventures, LLC and William Craig Turner considered this issue *sua sponte* and remanded the case to state court on grounds of lack of subject matter jurisdiction.  No. 10-CV-02001-PAB-CBS, 2010 WL 3632359 (D. Colo. Sept. 10, 2010).  The court's analysis began with the proposition that the citizenship of an LLC, for purposes of diversity jurisdiction, is determined by the citizenship of each of its members.  Id. at *1 ("[W]hen a limited liability company consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes.  In other words, when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent

10

entities as far down as necessary to unravel fully the citizenship of the entity before the court."). Because the FDIC was a member of the plaintiff, Multibank LLC, and a citizen of no state, the CRM Ventures court held there was not complete diversity among the parties and therefore no subject matter jurisdiction. Id. at *2.

The court in RES-NV APC, LLC v. Astoria Pearl Creek, LLC likewise held, "This court lacks diversity jurisdiction over this civil matter because the [FDIC] (a) is a federal corporation that is not a citizen of any state, and (b) is a member of the limited liability company [Multibank LLC] that is the sole member of [the plaintiff]." No. 2:11-CV-00381-LDG(RJJ), 2011 WL 537405 at *1-2 (D. Nev. Nov. 4, 2011). The court reasoned that because the citizenship of a member of the plaintiff LLC was "no particular state," the plaintiff was a citizen of "no particular state," thus destroying complete diversity among the parties. Id. at *2. See also RES-NV TVL, LLC v. Towne Vistas LLC, et al., No. 2:10-CV-1084 JCM (PAL), 2011 WL 5117886, at *1-2 (D. Nev. Oct. 27, 2011) (dismissing for lack of subject matter jurisdiction on grounds that the FDIC's membership in Multibank LLC, a member of the plaintiff LLC,

11

destroyed diversity of citizenship because the FDIC is not a citizen of any state).

The Court joins the other district courts to have explicitly addressed this issue and holds that there is no diversity jurisdiction in this case. The membership of the "stateless" FDIC in Multibank LLC, Plaintiff's member, renders Plaintiff a citizen of no state. Accordingly, there is not complete diversity among the parties, and the Court lacks subject matter jurisdiction.[5]

---

[5] Although not alleged in the Complaint, Plaintiff argues in opposition to Defendants' Motion that in addition to diversity jurisdiction, the Court has federal question jurisdiction under 12 U.S.C. § 1819(b)(2)(A). Pl's Opp'n, Dkt. [22] at 7-10. Defendants also reference the possibility of federal question jurisdiction under § 1819, but–citing an outdated version of the statute–conclude it does not exist. Defs.' Mot., Dkt. [19] at 5. While Defendants are correct that there is no federal question jurisdiction in this case, their reasoning in support of this conclusion is flawed. Defendants cite § 1819 as providing "that all civil suits 'to which the [FDIC] shall be a party shall be deemed to arise under the laws of the United States . . . except that any such suit to which the [FDIC] is a party *in its capacity as a receiver* of a State bank . . . shall not be deemed to arise under the laws of the United States.'" Id. (emphasis in original) (citing 12 U.S.C. § 1819 (Fourth)). Defendants reason that because the FDIC is acting as a receiver of a State bank in this case, there is no federal question jurisdiction. Id. As a threshold matter, Plaintiff is correct that the version of the statute cited by Defendants has been superceded. Pl.'s Opp'n, Dkt. [22] at 7. The statute now provides:

> (2)(A) (Federal Court Jurisdiction In General) Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, *is a party* shall be deemed to arise under the laws of the United States.

> (D) (State Actions) Except as provided in subparagraph (E), any action . . . to which the [FDIC], in [its] capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, *is a party* other than as a plaintiff . . . shall not be deemed to arise under the laws of the United States.
>
> (E) (Rule of Construction) Subparagraph (D) shall not be construed as limiting the right of the [FDIC] to invoke the jurisdiction of any United States district court in any action *described in such paragraph* if the institution of which the [FDIC] has been appointed receiver could have invoked the jurisdiction of such court.

12 U.S.C. § 1819 (emphasis added). While Plaintiff is correct that Defendants rely on an outdated version of § 1819, this oversight is immaterial because under either version of the statute, there is no federal question jurisdiction in this case *because the FDIC is not a party*. Under either version the statute, federal question jurisdiction is only presumed in cases where the FDIC is a party. "A 'party' is one by or against whom a lawsuit is brought." Settlers Edge, 2011 WL 3897729 at *3 (citing Hukic v. Aurora Loan Servs., 588 F.3d 420, 429 (7th Cir. 2009)). While it does not make the argument explicitly, Plaintiff seems to believe that the FDIC's ownership interest in Multibank LLC, Plaintiff's sole owner, compels the Court to treat the FDIC as a party for purposes of federal question jurisdiction. Pl.'s Opp'n, Dkt. [22] at 8-10. This contention is without merit. The FDIC is not a party in this case, and its membership in Plaintiff's parent LLC does not make it one. Accordingly, there is no basis for federal question jurisdiction under § 1819. See also Astoria Pearl Creek, 2011 WL 5374050 at *3:

> RES-NV APC, not the FDIC, brought the instance action. RES-NV APC offers no support for its bald proposition that, if the FDIC's ownership interest is substantial, 'then clearly the FDIC would be a party pursuant to 12 U.S.C. § 1819.' RES-NV has not argued or suggested that the FDIC is a defendant, a third-party defendant, or is otherwise a party in any capacity to this action. As the FDIC is not and never has been a party, in any capacity, to this civil action, this civil action is not deemed to arise under the laws of the United States pursuant to § 1819(b)(2)(A).

13

## Conclusion

In light of the foregoing, Defendants Star Home Builders, Inc. and Starke Hudson's Motion to Set Aside Summary Judgment and Motion to Dismiss for Lack of Subject Matter Jurisdiction [19] are hereby **GRANTED**.

**SO ORDERED**, this   2nd   day of December, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE